JUSTICE COTTER
specially concurs.
¶70 I concur in the majority’s conclusion that a district court’s abuse of discretion in failing to grant a challenge for cause during voir dire in a criminal case must be considered a structural error that is conclusively prejudicial. In light of the necessity for a unanimous verdict in a criminal case, one prospective juror lost to the defendant due to an erroneous denial of a challenge for cause could clearly mean the difference between conviction and either acquittal or a hung jury.
¶71 Obviously Van Kirk, Williams, and DeVore are criminal cases. As the majority notes in ¶59, we adopted the structural error/trial error analysis in Van Kirk to determine whether an error prejudiced a criminal defendant’s right to a fair trial (emphasis added). However, because the majority here does not insert the “in a criminal case” limitation in its conclusion that an abuse of discretion in failing to grant a challenge for cause during voir dire is structural error and therefore automatically reversible, I write separately to state that I would limit the Court’s holding in this regard to criminal cases only, and would apply a different test in civil cases.